PHILIP SCHUSTER *vs.* SUPERVISORS OF THE TOWN OF LEMOND.

October 8, 1880.

**Order discontinuing Road—Who may Appeal.**—The appeal given by Gen. St. 1878, c. 13, §§ 59–62, from an order of town supervisors laying out, altering or discontinuing a road, can be claimed only by one who is in position to sustain special injury, not common to himself with the other inhabitants or property owners of the town, from the laying out, altering, or discontinuing the road. One to, through, or along whose land an old road to be altered or discontinued runs, is in position to claim such appeal.

Schuster appealed to the district court for Steele county from an order of the supervisors of the town of Lemond in that county, vacating a certain highway. In his application to the district court, he sets forth that this highway is an old

and well-travelled road, running from his farm (on which he resides) directly to the school-house of the district in which his land is situated, and only about eighty rods distant, and by reason of the discontinuance of the road, he will be compelled to go a distance of one and one-half miles further to reach such school-house; and he further shows that by the discontinuance of the road the distance from his farm to his nearest market town is increased nearly two miles, and he can only reach a travelled highway by travelling half a mile over a road (nearly half of which runs on his own land) which will not be travelled or kept open in winter except by persons passing from his land; and that he will be damaged in the sum of $500 by such discontinuance. The appeal was brought to reverse entirely the proceedings of the supervisors. On respondent's motion the appeal was dismissed by *Lord*, J., and Schuster appealed to this court.

*Lewis L. Wheelock,* for appellant.

*Amos Coggswell,* and *J. M. Burlingame,* for respondents.

GILFILLAN, C. J.    The only question here is the right to appeal to the district court from the order of town supervisors laying out, altering, or discontinuing a road, under the provisions of Gen. St. 1878, *c.* 13.    The district court denied the right to this appellant, and dismissed his appeal.    That there is a right of appeal in such cases (to be taken to the district court if the damages claimed exceed $100) was decided by this court in *Gorman* v. *Supervisors, etc.*, 20 Minn. 392.    The only question left is, is appellant entitled to claim such appeal?    The language of the statute (section 59) is: "Any person who shall feel himself aggrieved" may appeal.    This is not to be taken literally.    A person having no interest which could be affected might imagine himself aggrieved, yet the statute could not have intended to give such a person a right to appeal.    The person claiming the right must undoubtedly be in position to be injuriously affected by the order or determination made; in position, as we think, to sustain special injury, disadvantage or inconvenience; not

common to himself with the other inhabitants or property owners of the town. One through whose land a new road is laid out is in such a position; and so is one through, to, or along whose land an old road to be altered or discontinued runs. The appellant's petition shows that he may be injuriously affected in a special manner by the discontinuance of one of the roads ordered discontinued. He is therefore in position to claim the right of appeal, and the order of the district court dismissing his appeal was erroneous and is reversed.