STATE OF MINNESOTA *ex rel.* Board of County Commissioners of Dakota County *vs.* PERCIVAL BARTON.

December 6, 1886.

36  145
40  369
40  370
36  145
46  239
36  145
80   45
36    145
107 Wis  5

**Highway—Relocation—Who may Appeal.**—One not owning land upon that part of a highway relocated by the board of county commissioners, nor in a position to suffer therefrom special injury not common to the community in general, has no right to appeal from the order of relocation; following *Schuster* v. *Town of Lemond,* 27 Minn. 253.

*Certiorari* to review proceedings on a highway appeal before a justice of the peace.

*Lusk & Bunn* and *Albert Schaller,* for relator.

*E. H. Ozmun,* for respondent.

DICKINSON, J.   By proceedings, the validity of which is not in question, the board of county commissioners of the county of Dakota vacated a section of a public road, and established a new road in its stead in another place.   Thereupon one Griggs appealed from the order of the board of county commissioners to the above-named justice of the peace to secure a reversal of the same.   Upon trial by a jury the decision or order of the commissioners was reversed.   By writ of *certiorari* the validity of the appeal to the justice of the peace is brought in question.   The validity of the appeal is disputed upon the ground that the appellant Griggs had no such interest in the

matter as entitled him to take an appeal. He owned a large farm upon the road in question, but distant two miles from that part of the road which had been thus discontinued and relocated. The section of the road thus changed lies between his farm and the city of St. Paul, where he markets his produce; and, in the business of marketing farm products, he has occasion to pass over this part of the road almost daily. The new road makes the distance to be travelled a half mile longer than it was by the old road. It was shown, too, that the new road was more difficult to travel by reason of the steep grade, the character of the soil, and from its condition in other respects, so that one would not be able to go over it with fully loaded teams, and at times it might be impassable. These disadvantages, however, were such in kind as were common to all who had occasion to travel this road, and the appellant suffered no special injury or grievance peculiar to himself.

Under these circumstances the case of *Schuster* v. *Town of Lemond,* 27 Minn. 253, (6 N. W. Rep. 802,) is opposed to the right of appeal in question. The right of appeal is there denied as to one not in a position to sustain special injury, disadvantage, or inconvenience such as is not common to the community. Neither the notice nor application for an appeal, nor the evidence given upon the trial, showed any such special injury, or any such interest in the change of the road, as authorized Griggs to thus call in question the propriety of the action of the county commissioners. Therefore the appeal, and all proceedings had thereon before the justice, must be set aside.

Judgment will be entered accordingly.