40 369
46 239

---

STATE OF MINNESOTA, *ex rel.* Uriah Williams and others, *vs.* A. R. HOLMAN, Justice of the Peace.

### April 17, 1889.

**Vacation of Highway—Appeal.**—The rule in *Schuster* v. *Town of Lemond*, 27 Minn. 253, and *State* v. *Barton*, 36 Minn. 145, that one not specially affected by the vacation of a highway cannot appeal from the proceedings of the supervisors vacating it, followed and applied. Proceedings on such appeal set aside.

*Certiorari*, to review the action of a jury summoned by the respondent, a justice of the peace, reversing an order of the relators, supervisors of the town of Sumner, in Fillmore county, discontinuing a highway, the appeal from such order having been taken by John D. Gregory. The supervisors moved before the justice for a dismissal of the appeal on the ground that the appellant had no interest in the highway, and was not aggrieved by the order, which motion was denied, and they excepted.

*Chas. C. Willson*, for relators.

*H. R. Wells*, for respondent.

GILFILLAN, C. J.   So far as relates to the right to appeal from the action of the supervisors discontinuing the road to a justice of the peace and a jury, the case is not essentially different from that of *State* v. *Barton*, 36 Minn. 145, (30 N. W. Rep. 454.)   In that case the party appealing was a farmer, and the change in the road made the distance to the city, where he marketed the proceeds of his farm,

half a mile greater than before, and the new road was, from the character of its soil, and other conditions, much more difficult to travel than the old one. In this case the party appealing owned a hotel near the end of the road sought to be vacated, and the vacation makes the distance to be travelled somewhat greater from his hotel to a point at the other end of the vacated road, on the road running from Rochester to Spring Valley, so that any one going to or from his hotel, or past it, to or from the country north or west of it from or to any point on said last-mentioned road south of the point at which the vacated road intersected it, had further to go, and had also to use a road not so good as that vacated. From this he claims that the change in the road will decrease the value of his property, and injure him in the business of his hotel. The disadvantages to him from the change are such in kind, though they may be greater in degree, as are common to all having occasion to pass between the country north and west of him and the Rochester and Spring Valley road by means of the new road. They are not special or peculiar to him, and, under the rule laid down in *Schuster* v. *Town of Lemond*, 27 Minn. 253, (6 N. W. Rep. 802,) and followed in the *Barton Case*, they do not give him the right to appeal from the proceedings of the supervisors. The proceedings before the justice must be set aside. Let judgment be entered accordingly.

NOTE. So much of the judgment entered in accordance with the opinion, as awarded costs against the respondent, was vacated by subsequent order of the court.