ANDREW ANDERSON *vs.* COUNTY OF MEEKER and others.

May 26, 1891.

**Appeal—Notice—Misstatement of Date of Order.**—The rule laid down in *Town of Haven* v. *Orton*, 37 Minn. 445, as to the sufficiency of a notice of appeal in which there is a misstatement as to the date of the order appealed from, applied to the notice in the case at bar, an appeal to the district court in proceedings had to establish a ditch.   Laws 1887, *c.* 97.

**Same—Bond—Sufficiency of Condition.**—The bond on appeal, although not conditioned in the exact words of the statute, (Laws 1887, *c.* 97, § 11,) *held* sufficient, under the rule established by *Riley* v. *Mitchell*, 38 Minn. 9.

**Same—Sufficiency of Notice.**—The notice of appeal required by said section 11 need not state or show that the appellant is "aggrieved" by the order or judgment appealed from.

Appeal by Anderson from an order of the district court for Meeker county, *Powers*, J., refusing a new trial of his appeal from an order of the board of county commissioners establishing "Ditch No. 3" in that county, a dismissal of the appeal having been ordered at the trial.

*Spooner & Taylor,* for appellants.

*E. P. Peterson* and *Albert F. Foster,* for respondents.

COLLINS, J.   In proceedings had conformably to the provisions of Laws 1887, *c.* 97, an order or judgment of the respondent board was made and filed under section 9, locating and establishing a ditch petitioned for by Soren Morton and others.   From the order or judgment an appeal was taken by the appellant here, the same being authorized by section 11.   The appeal was dismissed by the district court, evidently upon one or more of the three distinct grounds of dismissal, stated in the order dismissing as having been made in the respondents' motion.   These were—*First,* that the order or judgment was referred to and described by appellant as of date January 5, when in fact it was made and bore date January 4, 1888; *second,* that the appeal-bond was defective and void, because its conditions were that appellant would prosecute his appeal with effect, and abide the order of the court therein, instead of being conditioned "that said appellant will duly prosecute such appeal, and pay all costs that may be adjudged against him in the district court," as is provided in said section 11; and *third,* it was not stated in the notice of appeal that the appellant was a person "aggrieved" by the order or judgment appealed from.   We will proceed to consider these alleged defects *seriatim.*

1.  Except in the matter of the date of the order or judgment appealed from, the notice of appeal was adequate and complete, and no one could have been misled, so far as has been made to appear, by that error.   The language used in *Town of Haven* v. *Orton,* 37 Minn. 445, (35 N. W. Rep. 264,) where a mistake as to the date of an order laying out and establishing a public road was made of exactly one month, instead of a single day, as was the case here, but otherwise the order was sufficiently identified so as to apprise all parties as to what was appealed from beyond the possibility of a mistake, is strictly applicable to the notice now being considered, and the appeal should not have been dismissed upon this ground alone.

2.  The bond was not conditioned in the very words found in section 11.   Obviously, the form used was that prepared for an appeal from the court of a justice of the peace.   Gen. St. 1878, *c.* 65, § 114,

subd. 2. The conditions were that the appellant should prosecute his appeal with effect, and abide the order of the court therein, and this language was certainly broad enough to cover the provisions as to the conditions of a bond, as those conditions are prescribed in section 11, *c.* 97, *supra.* The bond which was filed, although not in the exact words of the statute, secured to the respondents all that the law regulating appeals designed, including the payment of costs in district court, and nothing more was required. *Riley* v. *Mitchell,* 38 Minn. 9, (35 N. W. Rep. 472.) We need not consider the appellant's application to file a proper bond *nunc pro tunc,* which was denied below; for a dismissal, if it was based upon the ground that the one in question was wholly defective and void, was unwarranted in any view of the case.

3. Finally, the third ground mentioned for a dismissal was without merit. It is true that the appellant must be a person, natural or artificial, who has been "aggrieved" by a final order or judgment in proceedings under chapter 97, but the statute nowhere requires a statement to that effect in the notice of appeal. The appellant, to maintain an appeal, must be aggrieved in fact; he must have sustained an injury of which the district court can take cognizance when proofs are made. Asserting himself to be aggrieved by the final order or judgment in the notice of appeal, or in some other manner, would be wholly insufficient, for his rights in district court are evidently controlled by the testimony. The evidence must show such action upon the part of the county commissioners, with reference to appellant, as authorized him to call in question the propriety of their order or judgment locating or establishing the ditch in controversy. It is a matter of proof, not of assertion or of imagination. See *Schuster* v. *Town of Lemond,* 27 Minn. 253, (6 N. W. Rep. 802;) *State* v. *Barton,* 36 Minn. 145, (30 N. W. Rep. 454;) *State* v. *Holman,* 40 Minn. 369, (41 N. W. Rep. 1073.)

Although the appellant has raised a question as to the constitutionality of chapter 97, *supra,* we have not deemed it advisable to consider that branch of the case on this appeal.

Order reversed.