STATE OF MINNESOTA, *ex rel.* John Simon and others, *vs.* WALTER ST. JOHN.

## November 10, 1891.

**Highways—Appeal from Order of Town Supervisors—Requisites of Application.**—Gen. St. c. 13, § 60, does not require that an "application" for an appeal from the determination of the supervisors in laying out or discontinuing a highway shall state facts showing that the party is so specially affected by the determination as to entitle him to appeal.

The supervisors of the town of Waconia, in Carver county, having made an order discontinuing a highway in the township, one Edward Hahn appealed from the order to the respondent, a justice of the peace of the county, filing a written application and bond, and the respondent thereupon issued a summons. On the return-day of the summons the supervisors appeared specially, and objected to the calling of a jury and moved for a dismissal, on the ground that the application failed to show that Hahn had any interest in the highway or was aggrieved by the order. The objection was overruled and the motion denied, (the supervisors excepting,) and a jury was impan-

elled, who, after hearing testimony offered by Hahn and viewing the highway, rendered a verdict reversing the order of the supervisors, who thereupon sued out this writ of *certiorari*.

*W. C. Odell*, for relators.

*S. L. Campbell*, for respondent.

MITCHELL, J. The question sought to be raised by this writ was the right of one Hahn to appeal from the order of the supervisors of the town of Waconia discontinuing a certain highway. In order to entitle the relators to have the proceedings before the justice set aside, it is necessary that the return to the writ should show that Hahn had no right of appeal. The return before us fails to show any such thing. Really, the only thing certified to by the justice is the transcript of his docket entries. It is true that to this a number of papers are attached, but they are not identified or certified to as part of his return; and, even if we were to assume that the "application" for an appeal attached is the one upon which the appeal proceedings were had, it appears to be in proper form. It conforms to all the requirements of the statute. Gen. St. 1878, *c.* 13, § 60. This statute enumerates specifically what the application shall state, which excludes by implication the necessity of stating anything else. It is not required that it shall state facts showing that the party is so specially affected by laying out or discontinuing the road as to give him a right of appeal. See *Anderson* v. *County of Meeker*, 46 Minn. 237, (48 N. W. Rep. 1022.) We cannot consider the fragmentary and disordered sheets containing what may have possibly been evidence on the trial, for they are not only not certified to be all the evidence, but they are not even certified to as having been evidence at all.

Writ quashed.