JOHN H. WENDT v. BOARD OF SUPERVISORS OF TOWN OF MINNETRISTA.[1]

November 21, 1902.

Nos. 13,102—(90).

**Change of Highway—Appeal.**

>  In proceedings to change a highway, the owner of land to, through, or along which the highway runs is a party aggrieved, entitled to appeal, and entitled to have his damages assessed, if any were occasioned by the discontinuance of the road, even though the injury or inconvenience he suffers is of the same nature as that shared in common by the other inhabitants.

The board of supervisors of the town of Minnetrista having, upon petition, made an order changing the location of a county road plaintiff, an adjoining property owner, appealed to the district court for Hennepin county, praying for the vacation of said order or that he be awarded damages for such change of location.

[1] Reported in 92 N. W. 404.

From orders, Elliott, J., denying plaintiff's motion to vacate the order of the board of supervisors, and dismissing plaintiff's appeal from the order of said board, plaintiff appealed to the supreme court. Reversed and remanded with directions.

*George E. Young* and *John Day Smith*, for appellant.

*C. S. Jelley*, for respondent.

LEWIS, J.

The notice of appeal from the order of the board of supervisors brought before the district court for review the question of damages, none having been allowed; but in other respects the notice was insufficient to call into question the validity of the petition, or the proceedings in vacating and laying out the highway. The trial court seems to have disposed of the appeal upon the ground that it appeared from the record before the court that appellant was in no event entitled to any damages, upon the theory that he had not shown himself especially situated so as to be distinguished from the inhabitants in general. An understanding of the situation may be gathered from the plat on the opposite page:

Appellant's premises, consisting of one hundred sixty acres, are marked in the center of section 8, and the old road ran for a short distance along the west line of the southwest portion of his farm, so that he had access to this highway by a private road from his residence. The order appealed from vacated that portion of the old road which ran from appellant's premises to the west line of section 8, and also that portion which angled across from

the west line of section 17 to the south line of section 8, and a new road was laid out, running directly north and south upon the west line of sections 17 and 8, leaving that portion of the old road from the highway on the south line of section 8 to the point where the northerly portion vacated joined it on appellant's west line.

In the case of Schuster v. Supervisors of Town of Lemond, 27 Minn. 253, 6 N. W. 802, it was held that appellant in that case had no right of appeal and was not entitled to damages upon the ground that the road vacated did not run to, through, or along his premises, and that the injuries sustained by the loss of the road were no different than those shared in common with the other inhabitants. This case is approved in State v. Barton, 36 Minn. 145, 30 N. W. 454, where appellant owned a large farm upon the road in question, about two miles distant from that part which was discontinued; and it was held that the disadvantages resulting were not special or peculiar to himself. Again, these cases are followed in State v. Holman, 40 Minn. 369, 41 N. W. 1073, where appellant owned a hotel near the end of the road vacated.

The statute gives the right of appeal to any person who shall feel himself aggrieved by any determination or award of damages either in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue any highway, etc. This act contemplates that there may be an element of damages in the discontinuing of an old road as well as in the laying out of a new one, and the decisions referred to are based upon the theory that there can be no damage for the discontinuance of a highway unless the person appealing is in some manner affected differently from the citizens in general. In Schuster v. Supervisors of Town of Lemond, supra, the court states wherein such a distinction lies, viz., when the road altered or discontinued runs through, to, or along the land of the party claiming damages. Such owner occupies a different position from the people in general, whose lands do not come in contact with the road. There is a certain element of value attaching to the land itself by reason of the presence of the road, although the person residing upon the land may suffer no other kind of injury or disadvantage than is shared by the citizens in

common, but the statute gives him a preference from the mere fact that his land is thus favorably situated.

In the present case the farm belonging to appellant presumably was enhanced in value by the facilities offered for an outlet to the north, and the closing up of this means of travel had the effect of causing him to go a mile and a half around to reach the same points of destination. Hence, although his neighbors, whose lands did not touch the highway, may have been compelled to suffer the same inconvenience to a greater or less degree, yet the statute, as construed by the decisions, does not give them a remedy. That part of the road vacated did not run along appellant's premises, but came to the line of his farm, where it could be reached by means of his private road. For this reason, he was a party aggrieved, and entitled to have the damages, if any, assessed.

The orders appealed from are reversed, and the cause remanded, with directions to proceed and determine the question of damages.