STATE EX REL. DEBORAH O'CONNELL AND ANOTHER v. WILLIAM CANFIELD AND ANOTHER.[1]

March 26, 1926.

No. 25,084.

**Writ of certiorari.**

Certiorari is a writ of review of acts which are judicial or quasi-judicial in their nature. It does not afford a means of determining the validity of acts merely ministerial. It is an extraordinary remedy. It affords no means for the trial of issues of fact. The determination of the rightfulness of the actions of county officials in assessing omitted moneys and credits will not be determined on certiorari. There is an adequate legal remedy by way of defense.

Certiorari 11 C. J. p. 88 n. 10; p. 111 n. 52; p. 120 n. 50; p. 123 n. 89; p. 203 n. 65.
Taxation 37 Cyc. p. 1121 n. 29; p. 1122 n. 33.

Upon the relation of Deborah O'Connell and another, executrix and executor of E. J. O'Connell, the district court for Martin county granted its writ of certiorari directed to William Canfield, county auditor, and William R. Boyce, county treasurer, to review proceedings which they had taken relative to the assessment of certain moneys and credits of the decedent as omitted property. The court, Dean, J., made findings and ordered judgment in favor of relators. The respondents Canfield and Boyce appealed from the judgment. Reversed.

*John W. Lovell,* county attorney, and *McCune & McCune,* for appellants.

*Frank E. Dougherty,* for respondents.

DIBELL, J.

The relators are the executors of E. J. O'Connell who died in Martin county on December 1, 1924. The defendant Canfield is auditor of the county and the defendant Boyce is treasurer. On

[1]Reported in 208 N. W. 181.

February 27, 1925, the auditor assessed for taxation moneys and credits belonging to the decedent prior to his death, upon the ground that they were omitted from taxation, pursuant to G. S. 1923, § 1985; and the treasurer added the penalty. The relators obtained a writ of certiorari from the district court to review their action. Findings of fact and conclusions of law were made in favor of the relators and judgment was entered adjudging that the tax assessed was unauthorized and void. The auditor and treasurer appeal from the judgment.

There is a misapprehension or misapplication of the proper use of the writ of certiorari. It is not a writ upon which to try issues. It is a writ of review, performing, when appropriate, somewhat the office of an appeal in reviewing acts judicial or quasi judicial in nature. It does not determine the validity of mere ministerial acts. No evidence is taken, no findings of fact or conclusions are made, and there is no judgment in the usual sense. The questions involved are determined on the return of the officer. The order made on the hearing of the writ annuls or affirms the proceeding.

The writ is an extraordinary one, and is not granted where there is an adequate remedy in ordinary course of law. Whether the omitted property was properly assessed can be determined in the legal proceeding for the enforcement of the taxes. The remedy is adequate. It may not be in all respects so convenient or speedy as injunction or certiorari; but if the district courts were required to try on certiorari or by injunction all the disputes arising between taxpayers and assessing and taxing officers, as soon as disagreements appeared, the possibilities of litigation, whatever the actual result, would be endless. A reading of Wall v. Borgen, 152 Minn. 106, 188 N. W. 159, which was a proceeding by injunction, sufficiently indicates the impropriety of an extraordinary remedy here.

It is proper to note that certiorari was used in State v. Eberhard, 90 Minn. 120, 95 N. W. 1115, without objection, to review an assessment of omitted property. This case, upon the substantive law of which the relators rely, apparently led to the adoption of certiorari as the appropriate remedy here. There will be no statutory costs.

When the remittitur goes down the writ should be dismissed and such dismissal will be without prejudice to the claims of either party.

Judgment reversed.