STATE EX REL. EUGENE JENKINS v. R. L. ERNEST AND OTHERS.[1]

June 26, 1936.

No. 30,845.

*Clyde C. Johnson,* for appellant (relator below).
*Charles P. LeRicheux,* for respondents.

DEVANEY, CHIEF JUSTICE.

Proceedings for *mandamus* to compel respondents as members of the police civil service commission of the city of Columbia Heights to reclassify and grade relator with reference to his rights under 1 Mason Minn. St. 1927, §§ 4368, 4369, commonly known as the soldiers preference act.

Relator is an honorably discharged soldier of the United States army and was employed by the city of Columbia Heights as a policeman for more than four years.

The police force of said city consisted of three policemen, James French, Walter E. Cottrell, and the relator, all of whom performed the same duties and received the same salaries. Relator is the only one who is an honorably discharged soldier.

[1]Reported in 268 N. W. 208.

On April 24, 1934, the city of Columbia Heights elected to be governed by the provisions of L. 1929, c. 299, 3 Mason Minn. St. 1934 Supp. §§ 1933-48 to 1933-63d, which provided for a police civil service commission. Respondents were duly appointed to act as the police civil service commission for the city of Columbia Heights.

On August 13, 1935, the city council reduced the police force to one man. On August 30, 1935, respondents issued and posted a bulletin which listed the three policemen in the order of their seniority. Relator was the third one on this list.

Thereafter the mayor of Columbia Heights, pursuant to the resolution of the council reducing the police force, assuming that the aforesaid bulletin was a proper grading as required by the civil service act, discharged the relator and Cottrell. James French was retained as the sole policeman.

Proceedings for a writ of *mandamus* were originally commenced against the city of Columbia Heights, its mayor, and council, and the respondents as the civil service commission of the city. The petition was subsequently amended and dismissed as to all but the respondents.

Respondents demurred to the amended petition. The court entered an order sustaining the demurrer. This is an appeal from the court's order.

Only one question need be considered: Is *mandamus* relator's proper remedy?

The answer to this question hinges upon whether or not the relator has a clear legal right to have a reclassification and grading made by the police civil service commission of the city of Columbia Heights.

It is, of course, well settled that a writ of *mandamus* brought against the proper appointing authority or authorities is the appropriate remedy to compel reinstatement when an officer or appointee has been discharged; and if it is shown that his dismissal was in violation of the civil service laws he will be restored to his former position. See 18 Minn. L. Rev. 837. But in this case *mandamus* is not brought to compel reinstatement. The action is against the police civil service commission to compel it to reclassify

all three of the original members of the Columbia Heights police force, and particularly to reclassify relator with reference to his rights under the soldiers preference law.

L. 1929, c. 299, § 5, 3 Mason Minn. St. 1934 Supp. § 1933-52, concerning the duties of the police civil service commission, provides:

"The commission shall immediately after its appointment and organization grade and classify all of said employes of the police department of said city   *   *   *."

The classification which relator claims to be illegal was made on August 30, 1935, over a year after the city of Columbia Heights had elected to come under the provisions of the civil service law. However, this grading must be deemed to be in compliance with and in conformity to the above quoted § 5, as no other classification was ever made by respondents.

Assuming without deciding that the classification made was erroneous, we are of the opinion that relator cannot succeed in a proceeding for *mandamus* to compel the commission to make another classification. The act imposes upon that body only the duty to "grade and classify" all employes of the police department. Had the commission arbitrarily refused to make any classification whatsoever, perhaps relator would have been entitled to relief in the nature of *mandamus* to compel the commission to act. But where, as here, the commission has acted, even though its decision has been erroneous, *mandamus* will not lie. Respondents are under no legal duty to make another classification. The statute contains no provision requiring the commission to make such reclassification, and the duty cannot be implied. The respondents have performed the only duty imposed by the act. *Mandamus* cannot be used for the purpose of reviewing the decision of an officer, board, or tribunal which acted within the jurisdiction conferred upon it by law. It can properly be issued only to compel the performance of a duty which the law clearly and positively requires such officer, board, or tribunal to perform. State ex rel. Schwartzkopf v. City Council, 121 Minn. 182, 141 N. W. 97, 46 L.R.A.(N.S.) 9; State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198; State

ex rel. Early v. Wunderlich, 144 Minn. 368, 175 N. W. 677. Where a party in a position such as the relator herein wishes a review of the final decision or determination, which affects rights or property of a board acting in a quasi-judicial capacity, the proper remedy is *certiorari* where no appeal is provided. 1 Dunnell, Minn. Dig. (2 ed.) § 1391; 2 Mason Minn. St. 1927, § 9769. The decision of the police civil service commission of the city of Columbia Heights falls within this category, and relator's remedy should have been a writ of *certiorari*.

We have not overlooked the provisions of 1 Mason Minn. St. 1927, §§ 4368, 4369, commonly known as the soldiers preference act, which afford to a party grieved thereunder the remedy of *mandamus*. These provisions must be considered in the light of reason and common sense, and we can find nothing therein giving one the right to compel by *mandamus* the performance of an act not required by law, such as the reclassification of employes herein sought.

The order is affirmed.