# ZION EVANGELICAL LUTHERAN CHURCH OF DETROIT LAKES v. CITY OF DETROIT LAKES AND OTHERS.[1]

December 14, 1945.

No. 34,059.

*Garfield H. Rustad,* for appellant.

[1]Reported in 21 N. W. (2d) 203.

*Lowell W. Benshoof,* City Attorney, and *C. U. Landrum,* for respondents.

MATSON, JUSTICE.

Appeal by Zion Evangelical Lutheran Church of Detroit Lakes (hereinafter called petitioner) from an order sustaining a demurrer to an alternative writ of *mandamus.*

Petitioner, after having purchased certain premises in the city of Detroit Lakes upon which to erect a new church, made formal application on June 5, 1944, for a building permit under the local zoning ordinance. The application having been denied on June 16, 1944, petitioner, approximately seven months later, commenced *mandamus* proceedings. Its petition for the writ, considered as true for the purpose of testing the demurrer, alleged that "a full and complete hearing was had before the city council" with a full presentation of all pertinent facts, but that said council arbitrarily and capriciously, in abuse of its discretion, disregarded the provisions of said ordinance, refused to issue a permit "on a fictitious statement of fact to the effect that the construction of said church would increase the automobile traffic hazard and that said fictitious reason is without fact or foundation and untrue," and in fact arbitrarily refused said application "upon no legal grounds whatsoever"; and further that said city council considered immaterial evidence in the form of "a certain petition filed by objectors" and refused "to consider pertinent evidence presented by the petitioners." The petition contained the usual averment that no other remedy was available.

The zoning ordinance involved provides:

"No person shall construct * * * any building * * * without first having received a written permit from the Common Council * * * after application in writing made to the said * * * Council * * *."

The demurrer was based on two grounds: (1) That the facts stated in the petition do not constitute a cause of action, and

(2) that *mandamus* is not a proper remedy, in that petitioner should have proceeded by *certiorari*.

■ For the purpose of testing the sufficiency of the pleading, a demurrer admits all well-pleaded allegations of fact, and further admits the legal and factual inferences fairly and reasonably to be drawn therefrom as distinguished from bare conclusions or assertions of law. McGuigan v. Allen, 165 Minn. 390, 395, 206 N. W. 714, 715; 2 Pirsig's Dunnell, Minn. Pleading, § 1622, and cases cited therein under footnote 56.

■ Obviously, in alleging an abuse of discretion, petitioner admits that the city council, in acting upon an application for a permit under the zoning ordinance, is performing a quasi-judicial function involving an exercise of discretion, not a ministerial duty. "While courts do not undertake to control the manner in which official acts of a discretionary nature are to be performed, still *mandamus* will lie to set discretion in motion. If therefore the petition and writ show that there is a refusal to exercise any discretion whatever, or if it is made to appear that the discretion has been exercised in a clearly arbitrary and capricious manner the lower court should be" overruled. "But there is also the well-settled rule that *mandamus* is an extraordinary remedy to be granted only in case the petition shows a clear right thereto." Olson v. Honett, 133 Minn. 160, 162, 157 N. W. 1092. "There may be rare cases where the officials act in so clearly an arbitrary and capricious manner that their action may be reviewed on mandamus." Powell v. Township of Carlos, 177 Minn. 372, 375, 225 N. W. 296, 297; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166.

Have we here one of those rare cases where there is a clear right to the remedy of *mandamus?* We think not. Petitioner admits that it has been accorded "a full and complete hearing" with a full presentation of all pertinent facts. It may be conceded that after a full and complete hearing based on all the facts a quasi-judicial body may thereafter proceed to abuse its discretion by acting in an arbitrary and capricious manner in arriving at its decision. Petitioner, however, alleges that the city council refused

to approve the issuance of a permit on the ground "that the construction of said church would increase the automobile traffic hazard." It is well established that *mandamus* cannot be used for the purpose of reviewing the decision of a board or tribunal which has exercised its discretion within the jurisdiction conferred upon it by law. State ex rel. Jenkins v. Ernest, 197 Minn. 599, 601, 268 N. W. 208, 210; 4 Dunnell, Dig. & Supp. § 5752. Here the council has acted; and, even though the reason given for its denial may appear erroneous, we cannot say that it has necessarily acted capriciously or arbitrarily. Absent arbitrariness and caprice, *mandamus* does not lie for mere error in the exercise of discretion. After a full and complete hearing, *admittedly based on a full presentation of all pertinent evidence,* the council, for the stated purpose of avoiding an increase in the automobile traffic hazard, denied the issuance of the permit. Can it be said that the expressed desire of avoiding a traffic hazard reflects either arbitrariness or caprice? On its face, the reason alleged for the denial is substantial. Whether an increased traffic hazard would in fact result is necessarily a question of fact involving the merits. As already noted, it is not for us in this proceeding to pass upon the merits of the ground for the denial. It would be a novelty if, after the council has determined that the granting of a permit and the erection of a building pursuant thereto would result in an increased traffic hazard, the court should upon application overrule its decision of denial. Romsdahl v. Town of Long Lake, 175 Minn. 34, 37, 220 N. W. 166, 167. Once the council's discretion is exercised, there is no judicial remedy through *mandamus.* The court can compel a quasi-judicial body such as a city council to exercise discretion; but, once that discretion has been actually exercised, as here, the court is wholly without power through *mandamus* to compel such quasi-judicial body to reverse, reconsider, or repeat its action. This fundamental principle, repeatedly recognized by this court, is salutary and essential to the preservation of local government. The court must not substitute its judgment for that of the city council and thus usurp the function of local governing

bodies. State ex rel. Jenkins v. Ernest, 197 Minn. 599, 268 N. W. 208; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166; Powell v. Township of Carlos, 177 Minn. 372, 225 N. W. 296; Olson v. Honett, 133 Minn. 160, 157 N. W. 1092; see, State ex rel. Rose v. Town of Greenwood, 220 Minn. 508, 516, 20 N. W. (2d) 345, 349; 4 Dunnell, Dig. & Supp. § 5753.

■ "Mandamus will lie only where there is no other plain, speedy, and adequate remedy" available. 4 Dunnell, Dig. & Supp. § 5754. Although no appeal could be taken from the council's quasi-judicial act, petitioner did have available a proper, speedy, and adequate remedy through an application within the statutory period for a writ of *certiorari* to review the entire matter, inclusive of any alleged violation of petitioner's legal rights at any stage of the proceeding. State ex rel. Jenkins v. Ernest, 197 Minn. 599, 268 N. W. 208; 1 Dunnell, Dig. & Supp. §§ 1391-1397; Minn. St. 1941, § 606.01 (Mason St. 1927, § 9769).

Affirmed.

YOUNGDAHL, JUSTICE (dissenting).

The majority concede that "there may be rare cases where the officials act in so clearly an arbitrary and capricious manner that their action may be reviewed on *mandamus*" (Powell v. Township of Carlos, 177 Minn. 372, 375, 225 N. W. 296, 297; Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166), but fail to apply that rule to the facts alleged in the petition in the instant case. I do not believe that the majority give consideration to the fact that we are not here determining whether petitioner is entitled to the writ after a trial on the merits. The appeal is from an order sustaining a demurrer, and we are not authorized to disregard plain and clear allegations in the petition, but rather must accept them as true.

The following facts may be fairly summarized from the allegations of the petition: For a number of years petitioner has been conducting a church in the city of Detroit Lakes. On December 2, 1935, the city council passed a zoning ordinance, in reliance upon which petitioner purchased a lot in Detroit Lakes for $700 for the

purpose of erecting a new church in accordance with the terms of the ordinance. On June 5, 1944, an application was made to the council for a permit to erect the new church. After a full and complete hearing was had before the city council with reference thereto, it went into executive session, after which *it arbitrarily and capriciously refused to grant the permit, wholly disregarding the provisions of the zoning ordinance. The council arbitrarily refused the permit on a fictitious statement of fact that the construction of the church would increase the automobile traffic hazard.* The permit was refused upon no legal grounds whatsoever, *although the application fully complied with the ordinances of the city of Detroit Lakes in every respect.* The council considered immaterial evidence, to wit, a certain petition filed by objectors, while it refused to consider pertinent evidence presented by petitioner.

There is serious doubt whether the council was performing a quasi-judicial function rather than a ministerial one when acting upon the application for a permit, particularly because it is alleged that all the ordinances have been complied with. However, because of the statement in petitioner's brief that the matter of granting or refusing building permits rests in the discretion of the council, it must be assumed for the purpose of this discussion that the council was acting in a quasi-judicial capacity and that its action cannot be disturbed unless there was an abuse of discretion. The question then is: Are the allegations of the petition sufficient to show arbitrary and capricious action of the council in denying the permit? If, as alleged, the council "refused to consider pertinent evidence," but rather considered immaterial evidence, and if the permit was arbitrarily refused "on a fictitious statement of fact," it is difficult for me to understand how it can reasonably be said that it does not appear from the petition that the discretion was exercised in an arbitrary manner. On the contrary, it seems clear to me that it positively appears from the allegations of the petition that the discretion was exercised capriciously and arbitrarily. The discretion required to be exercised by the council was not an arbitrary, vague, or fanciful one, but a legal,

regular, and sound discretion, which must be governed by rule and exercised under established principles of law. 34 Am. Jur., Mandamus, § 69.

The majority opinion states, *inter alia:*

"* * * Here the council has acted; and, even though the reason given for its denial may appear. erroneous, *we cannot say that it has necessarily acted capriciously or arbitrarily."* (Italics supplied.)

But it is not for us to say at this stage of the litigation whether the council has "necessarily acted capriciously or arbitrarily." That question might or might not come before us after a trial on the merits. From the facts alleged in the petition, we are required to assume that the council acted arbitrarily and capriciously.

The majority opinion further states:

"* * * *Absent arbitrariness and caprice, mandamus* does not lie for mere error in the exercise of discretion." (Italics supplied.)

Here, again, the majority assume an absence of arbitrariness, which assumption is not justified by the positive allegations in the petition to the contrary.

The majority opinion further states:

"* * * After a full and complete hearing, *admittedly based on a full presentation of all pertinent evidence,* the council, for the stated purpose of avoiding an increase in the automobile traffic hazard, denied the issuance of the permit."

How can it be assumed that the hearing *was admittedly based on a full presentation of all pertinent evidence* in the face of the allegation in the petition *that pertinent evidence was disregarded?*

The question is then posed by the majority: "Can it be said that the expressed desire of avoiding a traffic hazard reflects either arbitrariness or caprice?" But this question disregards the positive allegation in the petition that the council acted arbitrarily upon a *fictitious* claim of traffic hazard. I would pose this question: On this appeal from an order sustaining a demurrer, have we any

right to disregard a positive and plain allegation of fact that the council acted upon a fictitious claim of traffic hazard, and assume, contrary to the pleading, that the council exercised its discretion in a lawful manner?

It is suggested by the majority:

"* * * It would be a novelty if, after the council has determined that the granting of a permit and the erection of a building pursuant thereto would result in an increased traffic hazard, the court should upon application overrule its decision of denial."

But can we rightfully assume and anticipate in considering a demurrer that petitioner will not be able to prove the allegations of its petition and thus deprive it of its lawful right of trial?

The majority opinion further states:

"* * * The court can compel a quasi-judicial body such as a city council to exercise discretion; but, once that discretion has been actually exercised, as here, the court is wholly without power through *mandamus* to compel such quasi-judicial body to reverse, reconsider, or repeat its action. This fundamental principle, repeatedly recognized by this court, is salutary and essential to the preservation of local government. The court must not substitute its judgment for that of the city council and thus usurp the function of local governing bodies."

True, but there is not involved here the usurpation of the function of local governing bodies. On the contrary, there is involved the issue whether there is recourse to the courts through *mandamus* from arbitrary and capricious action in denying a permit upon a fictitious claim.

Such cases as Romsdahl v. Town of Long Lake, 175 Minn. 34, 220 N. W. 166, and Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, cited by the majority, are not in point here, because they do not involve a demurrer to a petition which contains positive allegations of fact that there has been arbitrary and capricious action. If anything, the Romsdahl case is favorable to petitioner, for there the court said (175 Minn. 38, 220 N. W. 167):

"Where discretion of public officials has been exercised in a clearly arbitrary and capricious manner the court may exercise control."

It has been argued that, because it is alleged in the petition that there was a full and complete hearing, petitioner thereby concedes a proper exercise of discretion. In my opinion, this argument is based upon an improper abstracting of this allegation from its context and giving it a connotation wholly unwarranted by the other allegations in the petition. Obviously, petitioner did not intend by that allegation to concede that proper discretion was exercised, for the other allegations of the petition are inconsistent with such a meaning. Petitioner alleges that the council considered immaterial evidence and refused to consider pertinent evidence, and that it based its conclusion upon a fictitious statement of fact. In view of these allegations, it does not seem reasonable to argue that petitioner intended to admit that reasonable discretion was exercised by alleging that there was a full and complete hearing. If the members of the council could escape the results of arbitrary action by merely affording a full and complete hearing, then there would be little protection, indeed, from such action.

The fact that *certiorari* might have been available to petitioner does not bar it from obtaining a writ of *mandamus* if it can prove the allegations of the petition. While it is true that *mandamus* will lie only where there is no other plain, speedy, and adequate remedy available, the other remedy which will defeat *mandamus* must be one which is reasonably efficient and adequate to reach the end intended and actually compel the performance of the duty refused. 4 Dunnell, Dig. & Supp. § 5754. No appeal was possible in the instant case. Of course, if the act of the council was ministerial, it was not reviewable by *certiorari*. State ex rel. O'Connell v. Canfield, 166 Minn. 414, 208 N. W. 181. Assuming, however, that the act of the council was quasi-judicial and that *certiorari* was available, was it reasonably efficient and adequate to reach the end intended? I think not. As a matter of fact, it seems to me that it was not only an inadequate remedy, but more likely no

remedy at all. *Certiorari* offers no means for the trial of issues of fact. No evidence is taken and no findings of fact or conclusions of law are made. *Id.* 166 Minn. 414, 208 N. W. 181. Under *certiorari, the* case is determined on the record made by the officers whose action is sought to be reviewed. In re Petition of Johnson, 150 Minn. 524, 184 N. W. 214. The return insofar as it is responsive to the writ is conclusive. State ex rel. Sholund v. City of Duluth, 125 Minn. 425, 147 N. W. 820. The record as returned by the inferior tribunal imports absolute verity, and the appellate court is confined to the facts disclosed by the return. State ex rel. Sholund v. City of Duluth, *supra;* State ex rel. Simon v. St. John, 47 Minn. 315, 50 N. W. 200. If, as alleged, the council after an executive session denied the permit upon a fictitious claim of traffic hazard and arbitrarily disregarded the provisions of the zoning ordinance, it is easy to see the difficulty confronting petitioner in attempting to secure an adequate record so as properly to raise the issue of arbitrary action on a review by *certiorari.* Petitioner was required to resort to *mandamus* to secure a trial on the merits and a record adequate and sufficient for review.

It is not for us to say now whether petitioner will ultimately be entitled to a writ. The issue before us is a narrow one, namely, whether petitioner is to be heard on the merits on the issue of an arbitrary refusal of a permit to construct a church in a district zoned for that purpose. In denying petitioner this right upon the facts alleged in the petition, I believe we are wrongfully depriving it of its day in court.

The order should be reversed.

MAGNEY, JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Youngdahl.