**FRIENDS OF ANIMALS & THEIR ENVIRONMENT (FATE), Appellant,**

v.

**James NICHOLS as Commissioner of Agriculture, et al., Respondent.**

**No. C9–84–40.**

Court of Appeals of Minnesota.

July 3, 1984.

Brian B. O'Neill, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Sue Halverson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by FOLEY, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Friends of Animals & Their Environment (FATE) petitioned for a writ of mandamus to compel the Commissioner of Agriculture to promulgate rules defining "adequate facilities" as required by Minn.Stat. § 17.35 (1982) to obtain a license for fur farming.

Its claim was dismissed for failure to state a claim upon which relief can be granted and because FATE lacked standing. We affirm.

## FACTS

FATE, a Minnesota non-profit corporation, was formed for the protection of fur-bearing animals. It submitted proposed rules to the Department of Agriculture relating to the humane treatment of animals on fur farms, and asked the commissioner to promulgate rules in accordance with the Administrative Procedures Act regarding what constitutes "adequate facilities" for

fur farm operations, as required by Minn. Stat. § 17.35, subd. 6 (1982), for licensing.

Minn.Stat. § 17.35, subd. 6, provides that all fur farmers must obtain a license from the commissioner of agriculture before they operate a fur farm. "The commissioner * * * shall issue a license after he has determined that * * * the facilities are adequate therefor."

The commissioner denied FATE's request for formal rulemaking procedures explaining that he did not interpret Minn. Stat. § 17.35 as giving the department authority to regulate the treatment of animals. The commissioner also explained that the expense of formal rulemaking procedures is not justified by the small number of fur farms in Minnesota.

FATE filed suit in Hennepin County District Court and moved for summary judgment. The commissioner moved for dismissal for failure to state a claim upon which relief can be granted. The district court granted the commissioner's motion because FATE lacked standing, and because mandamus is an improper remedy under the circumstances. FATE appeals.

## ISSUES

1. Does FATE have standing to maintain an action for mandamus to compel the Commissioner of Agriculture to adopt formal rules for fur farms under Minn.Stat. § 17.35, subd. 6 (1982)?

## ANALYSIS

■ To obtain a writ of mandamus, petitioner must meet the statutory standing requirements of Minn.Stat. §§ 586.01–586.-02 (1982).

These requirements include (1) the existence of a law specifically requiring the performance of an act which is a *duty* imposed on a person resulting from the office that person occupies. Minn.Stat. § 586.01 (1982), and (2) a showing of a public wrong especially injurious to the petitioner and that petitioner will benefit from an order compelling performance of the duty. Minn.Stat. § 586.02 (1982).

■ FATE failed to meet either of these statutory requirements. Minn.Stat. § 17.-35, subd. 9 (1982) provides in pertinent part:

The commissioner * * * is authorized to make and adopt such rules and regulations *as he may deem necessary,* not inconsistent with the provisions of this section. (emphasis added).

■ Mandamus will only issue to compel the performance of an act which the law specifically requires to be performed as a duty. It is not available to review an agency's exercise of discretion. It will, however, issue to set discretion in motion. *Zion Evangelical Church v. City of Detroit Lakes,* 221 Minn. 55, 21 N.W.2d 203 (1945).

■ Here, the commissioner has no duty to promulgate rules relating to the operation of fur farms under Minn.Stat. § 17.35 (1982). His duty is clearly discretionary. Additionally, the commissioner has already exercised his discretion by refusing to promulgate rules as requested and explaining with specificity why he refused.

■ When the term "may" is used in a statute it means permissible, not mandatory, unless another intention clearly appears on the face of the statute. Minn.Stat. § 645.44, subd. 15 (1982); *Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson,* 272 Minn. 156, 136 N.W.2d 861 (1965). Therefore, because FATE cannot show that the commissioner has a mandatory duty to promulgate rules it must fail for lack of standing.

FATE also failed to meet the second requirement for standing. Minn.Stat. § 586.02 requires a showing of a public wrong especially injurious to it and that it will benefit from an order compelling performance of the statutorily imposed duty.

The avowed purpose of FATE is the protection of fur-bearing animals. The purpose of Minn.Stat. § 17.35 is twofold: (1) to provide a means of compiling statistical information regarding the production of

domestic pelts; and (2) to provide a means for differentiating between domestic pelts and those derived from wild protected species.

Minn.Stat. § 17.35 does not and was not intended to regulate the treatment of animals. Therefore, even if rules were adopted delineating the criteria to be used in determining what constitutes an "adequate facility" in order to obtain a license for a fur farm under Minn.Stat. § 17.35, subd. 6, such rules would not *necessarily* benefit petitioner. If petitioner cannot show with certainty that it is a beneficially interested party, then it does not have standing for mandamus. Since FATE has failed to meet both standing requirements mandamus is not available to compel the commissioner to act.

Since FATE has no standing for mandamus, we need not address the other issues raised by appellant.

### DECISION

We affirm.