**Douglas Wayne KNUDSON,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Petitioner.**

No. C4–89–398.

Court of Appeals of Minnesota.

April 11, 1989.

years for violations of Minn.Stat. §§ 169.-121 and 169.123. He petitioned for judicial review of his most recent revocation, which resulted from a November 4, 1988 implied consent violation.

On January 12, 1989, a hearing was conducted on the implied consent petition. At the conclusion of the hearing, the Commissioner of Public Safety gave the court a letter advising it of its duty to impound the registration plates and certificates of respondent's vehicles pursuant to Minn.Stat. § 168.041, subd. 3a (1988). Respondent's vehicle registration records, his driving record, and a proposed impoundment order were attached.

The court, in an order issued February 6, 1989, sustained the revocation but declined to issue an impoundment order. It held that the Commissioner gave respondent insufficient notice, and that the Commissioner could seek relief through notice of motion and motion as provided by the Rules of Civil Procedure. It recognized that the statute did not specifically require such notice.

The Commissioner petitioned this court for a writ of mandamus to compel the trial court to order the impoundment of respondent's registration plates and certificates pursuant to Minn.Stat. § 168.041, subd. 3a.

Hubert H. Humphrey, III, Atty. Gen., Nancy J. Bode, Asst. Atty. Gen., St. Paul, Sara H. Jones, Sp. Asst. Atty. Gen., St. Paul, for petitioner.

Michael H. Daub, Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NIERENGARTEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

## FACTS

Respondent's driver's license has been revoked three times within the last five

## DECISION

Mandamus will lie to compel the trial court to do that which is clearly required, but it cannot control judicial discretion. Minn.Stat. § 586.01 (1988). The trial court's duty here is clear. When it is provided with the necessary documentation showing the requisite number of revocations within the prescribed period of time, Minn.Stat. § 168.041, subd. 3a mandates impoundment.

The trial court, however, determined that the Commissioner did not give respondent the necessary notice under the Rules of Civil Procedure. Minn.R.Civ.P. 6.04, 7.02(1). Notice is not required by the statute.

Minn.Stat. § 168.041, subd. 3a (1988) provides in relevant part:

> An impoundment order *must* be issued under this subdivision when the driver appears in court on a criminal charge or civil driver's license matter arising out of the incident resulting in the most recent license revocation, whichever hearing occurs first.

(Emphasis added.) The driver who appears in court is effectively on notice that the court will perform its mandated duty. No notice of motion and motion is necessary when the order is issued at the criminal or implied consent proceeding. We do not decide the extent of notice required if no criminal or implied consent proceeding is initiated and the attorney general requests an impoundment order. *See id.* ("If no criminal charge or civil license matter is initiated in court, the attorney general may request an impoundment order under this subdivision[.]").

■ The petitioner in a mandamus proceeding must be a beneficially interested party. Minn.Stat. § 586.02 (1988). This requires a showing of a public wrong especially injurious to it, and that it would benefit from an order compelling performance of a statutorily imposed duty. *Friends of Animals & Their Environment (FATE) v. Nichols,* 350 N.W.2d 489, 491 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984).

In this court's third month of operation, we stated:

> The trail of broken lives, bodies, and property left by drunk drivers is a holocaust on our highways.

*Szczech v. Commissioner of Public Safety,* 343 N.W.2d 305, 306 (Minn.Ct.App.1984). Our legislature enacted Minn.Stat. § 168.041, subd. 3a, recognizing that those with multiple implied consent and DWI revocations are a danger to the driving public. The purpose of subdivision 3a is to keep repeat offenders out of the driver's seat and off of the road.

The Commissioner has wide authority to regulate driving on behalf of the public. *See* Minn.Stat. § 169.123 (1988) (implied consent); § 171.04(8) (1988) (authority to deny licenses as inimical to public safety); § 171.14 (1988) (authority to cancel driver's licenses). One of the purposes of these laws is to protect public safety on the highway. *See Goldsworthy v. State, Department of Public Safety,* 268 N.W.2d 46, 49 (Minn.1978). The public acting through the Commissioner will clearly benefit from an order compelling the trial court to impound respondent's registration plates and certificates.

Finally, a writ of mandamus will not be granted when the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. Minn.Stat. § 586.02. Respondent asserts that the Commissioner's remedy is by appeal.

The right to appellate review is governed by statute, and the Minnesota Constitution does not guarantee a right of appeal in civil cases. *In re O'Rourke,* 300 Minn. 158, 164, 220 N.W.2d 811, 815 (1974). The impoundment statute does not provide for an appeal by the Commissioner, although it does provide that the driver may seek administrative review of an impoundment order. Minn.Stat. § 168.041, subd. 4a.

The statute mandates impoundment of registration plates and certificates when specific conditions are met. If the court does not carry out its mandated duty, the Commissioner's recourse is to petition for a writ of mandamus, as he has done here.

WRIT OF MANDAMUS GRANTED.