## WILLIAM J. OLSEN v. CITY OF HOPKINS.

178 N. W. (2d) 719.

July 10, 1970—No. 42256.

*Vesely, Otto & Miller* and *Joseph C. Vesely*, for appellant.

*Karlins, Grossman, Karlins, Siegel & Brill* and *Josiah E. Brill, Jr.*, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

The city of Hopkins appeals from an order denying its motion for a new trial following a determination by the district court, upon certiorari to review the denial of a building permit, that relator, William J. Olsen, is entitled to use the south 48.26 feet of a tract of land in Hopkins for commercial purposes. The land involved is at the southeast corner of the intersection of Blake Road and Excelsior Boulevard. The tract extends 166 feet along Excelsior Boulevard and 177 feet along Blake Road and is on the edge of the Interlachen Park district of Hopkins. After prior litigation between the parties, the city allowed a Mobil Oil station to be constructed on the north 129.14 feet of this tract. See, Olsen v. City of Hopkins, 276 Minn. 163, 149 N. W. (2d) 394.

The city originally contended that only the north 74 feet of the tract were zoned commercial by Zoning Ordinance No. 131, which was adopted in 1956. This ordinance incorporated a land-use map which indicated that the length of the residential zone in the block in question was 371 feet. The length of the commercial zone along Blake Road was not indicated by the map. However, according to the scale on the map, the commercial zone measured 129 feet and the block's length was 500 feet. However,

the actual length was less than 500 feet and the city argued that since the length of the residential zone was indicated on the map as 371 feet, the commercial zone included only what actually remained after the 371 feet were deducted from the actual length. This would have been 74 feet. We said in Olsen v. City of Hopkins, *supra,* that the map governed and that the 129 feet south along Blake Road must be zoned commercial even if this resulted in using part of the zone indicated as residential on the map. We concluded that any uncertainty in the depth of the commercial zone revealed by a land survey would have to be resolved in favor of the property owner and would result in imposing upon his property the least restrictive use.

Our decision in Olsen v. City of Hopkins, *supra,* was filed on March 10, 1967. While the appeal in that case was pending, the city of Hopkins adopted Zoning Ordinance No. 269 in August 1966. Under this ordinance only the north 74 feet were left in the commercial zone. The parties did not inform this court of the later zoning ordinance, and our decision was based solely on the 1956 ordinance. Following our decision, the city still refused to grant relator a permit for a service station, resulting in another suit in district court. In November 1967 the district court held that the supreme court decision governed the zoning and use of the tract and that "the rights of the Plaintiffs to erect a gasoline filling station on the front 129.14 feet of the premises here involved under Ordinance No. 131 as established by said Supreme Court decision were not nullified by the enactment of Ordinance No. 269 and that the Plaintiffs now have the right to construct such gasoline filling station within said front 129.14 feet."

Relator then sold the land to Mobil Oil Company and the service station was constructed. Relator retained the southerly 48.26 feet of this tract and wishes to construct a dairy store on it. His application for a building permit was denied, however, since the city claims this land is zoned residential. Relator claims this land may be used for commercial purposes by virtue of § 269.32(1) of Ordinance No. 269, which provides:

"* * * [T]he district boundary lines are established as drawn on the Zoning Map, except where a district boundary line divides a lot of record which was in single ownership at the time of enactment of this Ordinance and places portions of such lot of record in two (2) or more Use Districts, any portion of such lot within fifty (50) feet on either side of such a dividing District boundary line may be used for any use of either Use District: provided, however, if any portion of such lot shall extend beyond the fifty (50) foot limitation, the District line as shown shall prevail."

After the zoning administrator and the Hopkins Zoning Board of Appeals denied relator a building permit for the dairy store, he obtained review in the district court by writ of certiorari. That court held that he was entitled to the permit.

■ On appeal the city argues that relator cannot obtain review by certiorari of the decision of the Hopkins Zoning Board of Appeals denying him a building permit. The writ of certiorari may be used to review quasi-judicial action. The board's decision that the ordinance did not allow the south 48.26 feet of relator's property to be used for commercial purposes was quasi-judicial and, therefore, can be reviewed by certiorari. Zion Evangelical Lutheran Church v. City of Detroit Lakes, 221 Minn. 55, 21 N. W. (2d) 203. See, generally, Riesenfeld, Bauman, and Maxwell, *Judicial Control of Administrative Action by Means of the Extraordinary Remedies in Minnesota*, 33 Minn. L. Rev. 685.

■ The district court decided the ordinance permitted relator to use the south 48.26 feet of the tract for commercial purposes. In its memorandum it said that to deny relator the right to use this land for commercial purposes would be a denial of equal protection. The trial court noted that this lot could not be used for residential purposes since the ordinance required a frontage of 100 feet on all lots used for such purposes. However, this is not a valid objection, for if the property is less useable because of its size, relator himself has made it so. He reduced it to its present size by selling the north 129.14 feet. When a person brings

such a hardship on himself, he is not entitled to relief. Newcomb v. Teske, 225 Minn. 223, 30 N. W. (2d) 354; Board of Zoning Appeals v. Waskelo, 240 Ind. 594, 168 N. E. (2d) 72. Notwithstanding this fact, relator may be able to obtain relief by application for a variance or special waiver under other provisions of the city's ordinance.

Whether relator is entitled to use the south 48.26 feet of the tract for commercial purposes depends on where the commercial-residential line has been drawn. If the line is 129.14 feet south of Excelsior Boulevard, relator may use the south 48.26 feet of the tract for commercial purposes by virtue of § 269.32(1) of the zoning ordinance. However, if the line is 74 feet south of Excelsior Boulevard, relator is not entitled to relief under the ordinance, and he may not use the property for commercial purposes. If this is the case, there is no denial of equal protection.

■ The zoning of the land must be determined under the 1966 ordinance. The 1956 ordinance was repealed and is of no effect. There is a division of authority as to whether relator's application for a building permit under the 1956 ordinance gave him a vested right to use the land for a filling station which the 1966 ordinance could not take away. Compare, for example, Ben Lomond, Inc. v. City of Idaho Falls, 92 Idaho 595, 448 P. (2d) 209, and State ex rel. Ogden v. City of Bellevue, 45 Wash. (2d) 492, 275 P. (2d) 899, with Naumovich v. Howarth, 92 Ill. App. (2d) 134, 234 N. E. (2d) 185, and L. P. Marron & Co. v. Township of River Vale, 54 N. J. Super. 64, 148 A. (2d) 205. See, Annotation, 75 A. L. R. (2d) 168, § 7(b). Relator and respondent litigated this issue in 1967 in Hennepin County District Court. The trial court decided in November 1967 that relator had a right to construct the filling station, and there was no appeal. This issue is therefore not before us and the trial court's decision of it is res judicata.

However, relator has judicially established only his right to use the north 129.14 feet of the tract for a filling station. While our prior decision indicated that the north 129 feet were zoned

commercial under the 1956 ordinance, this has no effect on the zoning under the 1966 ordinance. All our prior decision did was to establish relator's rights under the 1956 ordinance. The district court in 1967 held he was entitled to a permit after the 1966 ordinance went into effect. However, this was only because relator had applied for the permit before the 1966 ordinance became effective, and at the time he applied for the permit he was entitled to it. Relator has not established any right to the commercial zoning of the south 48.26 feet of this parcel, for a municipality may always amend its zoning ordinance in furtherance of the public health, safety, and welfare. Olsen v. City of Hopkins, 276 Minn. 163, 171, 149 N. W. (2d) 394, 399. We agree with the Illinois Appellate Court which considered this issue in a similar case in Sgro v. Howarth, 54 Ill. App. (2d) 1, 10, 203 N. E. (2d) 173, 178, and said:

"* * * [T]he determination of the proper zoning classification of the four corners of this intersection for the future is a recognized legislative function. It is beyond the power of the court to permanently bring to a halt these legislative functions. It is one thing to say that the legislative branch may not destroy the vested rights of the plaintiffs as it relates to the instant permit; it is quite another thing to say that it may not exercise its statutory powers as to the future should the specific use set forth in the application for the permit be abandoned, discontinued, or for any reason not utilized. Plaintiffs' rights have vested as to the specific use stated in their application for permit; they have no vested right in the permanently continued present zoning classification."

■ Relator has not attacked the 1966 ordinance as invalid. It clearly sets the commercial-residential line 74 feet south of Excelsior Boulevard, and this is where the line must exist. Our prior decision has no effect on this boundary line. Relator, therefore, is entitled to no relief under Ordinance No. 269, § 269.32(1).

Reversed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.