**GOETTEN'S, INC., Appellant,**

v.

**CITY OF ST. CLOUD, Hapco, Inc., et al., Respondents.**

**No. C7–85–1407.**

Court of Appeals of Minnesota.

March 25, 1986.

John R. Koch, St. Cloud, for Goetten's, Inc.

Denis E. Hynes, St. Cloud, for City of St. Cloud.

Michael M. Murphy, St. Cloud, for Hapco, Inc., et al.

Heard, considered and decided by NIERENGARTEN, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment dismissing appellant Goetten's action for injunctive relief against respondent Hapco, which constructed an advertising sign on adjacent property, and respondent City of St. Cloud, which granted a permit for this construction. We affirm.

## FACTS

Appellant Goetten's, Inc. is the owner of property located at 27th and Division Street in the city of St. Cloud. This property is zoned C–5 commercial. Goetten's constructed a building on the site in 1968, which was then leased to the present tenant, a tire dealer. In the spring of 1982, respondent Hapco entered into an agreement with the owners of property adjacent to appellant's. This agreement provided that Hapco would lease the southeast corner of the property, which was next to appellant's, for the purpose of constructing a billboard unit.

Hapco obtained a city building permit on June 11, 1982. The building permit application and approval showed no property line setback requirement. Hapco completed construction in April, 1983, and rented billboard space.

The manager of the tire store complained immediately to appellant about the billboard's proximity to the store, blocking the showroom's natural light and obstructing its visibility to passing motorists. Appellant investigated and complained to the city that the sign did not comply with the ten-foot property line setback required in the C–5 commercial district.

Before Hapco's permit application, the city had enacted an amendment to its zoning ordinance requiring the ten-foot setback in a C–5 district. St. Cloud, Minn. Ordinance 1042 (effective January 1, 1982). This ordinance amended article XXII, which governs "C–5 Highway Commercial" districts.

The zoning ordinance also includes an article VIII, entitled "Sign Regulations." This article was also amended before Hapco's permit application. This amendment deleted most references to setbacks in the article. St. Cloud, Minn. Ordinance 1071 (March 15, 1982). Among the deletions was the following provision:

No sign shall project more than twenty-four (24) inches across any required setback line, except as allowed below * *.

St. Cloud, Minn. Zoning Ordinance, Art. XXII § 3.5 (1982). There was no exception for signs in a C–5 district. *Id.*

Appellant brought an action for injunctive relief, claiming that the billboard unit was a "structure" subject to the ten-foot setback requirement in the C–5 district. The trial court granted respondent's motion for dismissal, based on its construction of provisions in the zoning ordinance as it existed in 1982, when the permit was granted.

After the action was brought, but before the trial court's decision, the city council amended article XXII of the zoning ordi-

nance to exempt signs from setback requirements in C–5 districts. St. Cloud, Minn. Ordinance 1210 (February 5, 1985).

## ISSUE

Did the trial court err in ruling that the setback requirement did not apply to respondent's advertising sign?

## ANALYSIS

In determining the right to injunctive relief, where that right is dependent on a statute or ordinance, the court must apply the law as it presently exists. *See Olsen v. City of Hopkins*, 288 Minn. 25, 29, 178 N.W.2d 719, 722 (1970) (zoning of relator's land to be determined under 1966 ordinance, rather than repealed 1956 ordinance). Appellant does not claim damages from the allegedly invalid 1982 permit.

Unless there is a conflict with equally specific language in the present ordinance, the 1985 amendment exempting signs from setback requirements in a C–5 district must be applied. Article VIII of the 1985 ordinance, however, applies the setback requirement in a C–5 district only to "business signs." Art. VIII, § 7.3. Since the ordinance differentiates between "business signs" identifying local businesses, from "advertising signs" such as Hapco's billboard, this provision does not require a setback for the billboard. Art. VIII, § 2; *see Green-Glo Turf Farms, Inc. v. State*, 347 N.W.2d 491, 494 (Minn.1984) (the expression of one exception is the exclusion of all others).

Since the language of the 1985 amendment to the ordinance must be applied, we need not construe the ordinance in effect in 1982 when the permit was granted. That ordinance would apply to an action for damages.

## DECISION

The trial court did not err in dismissing appellant's action for injunctive relief.

Affirmed.