## Krouse v. Driscoll

*Harry R. Back,* for plaintiff.
*Walter Stein,* for defendant.

CRUMLISH, J., July 16, 1951.—The above matter is here on preliminary objection to a complaint in trespass.

Plaintiff, a police officer in Philadelphia, asks of defendant, a captain of police of the City of Philadelphia, damages for allegedly defamatory statements about plaintiff which were presented by defendant to the civil service commission. The complaint is that the charges made before the commission were false and that defendant knew they were false, but "due to the manner of presentation by defendant . . . plaintiff was adjudged guilty by the . . . commission whereupon he suffered punishment by loss of his pay and suspension". A copy of the charges is attached to the complaint "in the manner and form" in which they were presented to the commission. All the statements published or testified to by defendant for which plaintiff asks redress were included in the charges against plaintiff which were presented to and acted upon by the commission.

Defendant preliminarily objects to the complaint as being insufficient in law.

Kemper v. Fort, 219 Pa. 85, 93 (1907), laid down the rule, since followed in Pennsylvania, that: ". . . when alleged libelous matter in pleadings is relevant and pertinent, there is no liability for uttering it." The foregoing rule is applicable only where the "pleadings" are filed in a court having jurisdiction of what is set forth therein. See also Cooney v. Pierce, 30 D. & C. 687 (1937) and Waber v. Schaffhauser, 34 D. & C. 348 (1938), (opinion by Finletter, P. J., for

Court of Common Pleas No. 4 of Philadelphia County), and A. L. I. Restatement of the Law of Torts, §§585 to 589, inclusive.

Whether the statements complained of in the instant case are immune from a suit for libel will depend on: (1) Whether they were pertinent to the matter before the commission; (2) whether the commission is a judicial body, and (3) whether defendant was a proper party to bring the charges before the commission.

There is no question that the charges made, which are set out in the pleadings, were pertinent to the matter before the commission at the hearing. There were three charges: Conduct unbecoming an officer; insubordination, and disobedience of orders. The specifications under each of these charges related directly thereto.

To determine whether the civil service commission is a judicial body we go to the act creating it. The Act of June 25, 1919, P. L. 581, art. XIX, sec. 5, as amended April 13, 1927, P. L. 203, sec. 1, 53 PS §3325, provides:

"5A. There shall be established . . . a civil service commission . . .

"5B. The Commission shall have power to administer oaths, subpoena and require the attendance of witnesses, citizens and residents of this State, and the production thereby of books and papers pertinent to the investigations and inquiries hereby authorized, and to examine them and such public records as it shall require. . . . The fees of such witnesses . . . shall be the same as for witnesses before the courts of common pleas . . . All officers in the public service . . . shall . . . attend and testify when required to do so by said commission. Any disobedience to, or neglect of, any subpoena issued by the said commissioners, or any one of them, to any person shall be held a contempt

of court and shall be punished by any court of common pleas of this Commonwealth as if such subpoena had been issued therefrom. Any judge of any of said courts shall, upon the application of any one of said commissioners in such cases, cause the process of said court to issue to compel such person or persons disobeying . . . such subpoena to appear and to give testimony before the . . . commissioners, . . . and shall have power to punish any such contempt."

A reading of the above makes it clear that the functions of the civil service commission in regard to charges against staff are of a judicial character. Cf. Wagner v. Bell et al., 70 D. &·C. 411 (1949).

To answer the last question, i.e., was defendant a proper party to bring the charges made against plaintiff before the commission, we go to the Act of June 25, 1919, P. L. 581, art. XIX, sec. 18, as amended July 29, 1941, P. L. 579, sec. 1, 53 PS §3338:

"No police officer . . . shall be removed or discharged, except for cause, upon written charges, and after an opportunity to be heard in his own defense. Such charges may be filed by any superior officer or by any citizen or taxpayer, and shall, within thirty days after filing, be heard, investigated, and determined by the commission or by one of the commissioners or by some person or board appointed by the commission to hear, investigate, and determine the same. Where one person is appointed by the commission to hear such charges, he shall be a person learned in the law. Where a board is appointed to hear such charges, at least one member of such board shall be learned in the law. The hearing shall be public, and the accused and his counsel shall have the right to be heard."

Defendant here is the superior officer on the police force of plaintiff. By the plain terms of the above-

quoted act defendant had the authority to file the written charges made.

Since, therefore, the allegedly libelous statements were made by a proper party before a body of judicial character, and were pertinent and relevant to a matter properly under the consideration of that body, they were privileged absolutely and there can be no liability therefor.

The complaint states no cause of action. Accordingly, the preliminary objection is sustained and leave is granted to amend, showing a good cause of action within 20 days, under penalty of having the action dismissed, discontinued, and ended.