ROGER W. JENSON v. T. O. OLSON AND OTHERS.

141 N. W. (2d) 488.

March 25, 1966—No. 40,034.

*James Malcolm Williams,* for appellant.

*G. V. Johnson,* for respondents.

OTIS, JUSTICE.

This is an action brought by a discharged employee of the city of Minneapolis to recover damages from witnesses who testified against him at a civil service hearing. Plaintiff alleges his employment was terminated as a result of defendants' slanderous testimony. He appeals from summary judgment granted defendants. The facts are set forth in Jenson v. Olson (8 Cir.) 353 F. (2d) 825, and in our prior opinion, State ex rel. Jenson v. Civil Service Comm. 268 Minn. 536, 130 N. W. (2d) 143, certiorari denied, 380 U. S. 943, 85 S. Ct. 1023, 13 L. ed. (2d) 962, where a determination that plaintiff's discharge was proper was upheld.

The testimony to which plaintiff objects was elicited from fellow employees and was relevant to the question of whether he competently performed his professional duties. The theory on which plaintiff seeks to recover is contained in the following paragraph of the complaint:

"That the aforementioned slanderous statements made by the defendants and each of them were untrue and malicious and were intended by the defendants and each of them to besmirch the professional character of the plaintiff herein by attacking the plaintiff's honesty, his attitude toward social work, his ability, his mentality, his personality, its definitions [sic] and eccentricities, his emotional maturity, his attitude toward his superiors, his professional interest, his working capacity and to indi-

cate that he intentionally falsified official records, that these malicious, slanderous statements were made for the purpose of causing the plaintiff to lose his professional status as a social worker and in fact did cause the plaintiff to be suspended and discharged from the position as social worker with the stigma of professional misconduct. That the aforementioned defendant H. V. Jensen directed the aforesaid slanderous invective by the other defendants of besmirching the plaintiff's professional character and further that all the defendants did act in concert for the purpose of bringing about plaintiff's discharge and bringing about the placing upon the plaintiff of the stigma of professional misconduct and with malicious intent so that punitive and exemplary damages should be awarded."

In response to defendants' motion for summary judgment, the trial court found that the statements complained of were made by defendants while testifying as witnesses at a civil service hearing relating to plaintiff's discharge and had reference to the subject matter of a quasi-judicial proceeding and were therefore privileged. In our opinion, the court's decision was correct.

We have not had the benefit of oral argument, and plaintiff's brief is confined to a discussion of the necessity for a fact determination with respect to the questions of privilege and interference with a contractual relationship. It is plaintiff's theory that if the libel and slander took place prior to, and outside of, the civil service hearing, or was for the purpose of interfering with his contractual relations, the motion for summary judgment should have been denied.

Except for the bald allegation that "defendants did act in concert," all of the statements of which plaintiff complains were alleged by him to have been made at one of the three sessions of the civil service hearing conducted to review his discharge. Nowhere in the complaint is there a claim that any libel or slander occurred elsewhere.[1]

■ We do not agree that the issue of whether defendants were testifying before a judicial tribunal was a fact question. Such a hearing has all the attributes of a quasi-judicial proceeding. It was conducted under c. 19, § 11, of the Minneapolis City Charter which, among other things,

---

[1] Our failure to decide the defamation issue is not to be construed as an intimation we find those allegations meritorious.

provides for the issuing of subpoenas, the administering of oaths, and the production of books and papers, and requires that charges be in writing with an opportunity to be heard. A Pennsylvania court has construed similar charter provisions as conferring on the civil service commission functions of a judicial character. Krouse v. Driscoll, 78 Pa. D. & C. 72, 75. The court there held that a witness' testimony, pertinent to discharge proceedings, was privileged. The Minneapolis commission's determination is reviewable in the district court by certiorari, a writ which we have held to be appropriate in connection with quasi-judicial matters.[2] We conclude that the commission's hearings were quasi-judicial in nature.

■ The principles governing the privileged character of testimony given in a judicial proceeding have been fully developed in Matthis v. Kennedy, 243 Minn. 219, 67 N. W. (2d) 413, where we recognized an unqualified privilege against liability for slanderous statements, made even maliciously and with knowledge of their falsity, if they are (1) that of a witness, (2) at a judicial or quasi-judicial hearing, and (3) relevant to the subject matter of the litigation. We noted that relevance is a question of law and not of fact, and that all doubts must be resolved in favor of finding the statements pertinent. We believe the testimony set forth in the complaint here comes squarely within the conditions spelled out in the Matthis decision and is therefore absolutely privileged.[3]

■ Although, as we have noted, the complaint makes no mention of slander occurring at any time except at the civil service hearing, plaintiff

---

[2] State ex rel. Hart v. Common Council, 53 Minn. 238, 242, 55 N. W. 118, 119; State ex rel. O'Connell v. Canfield, 166 Minn. 414, 208 N. W. 181; Sellin v. City of Duluth, 248 Minn. 333, 80 N. W. (2d) 67.

[3] Our conclusions are supported by Restatement, Torts, where the reason for the rule is well expressed in § 588, *comment a*:

"The function of witnesses is of fundamental importance in the administration of justice. The final judgment of the tribunal must be based upon the facts as shown by their testimony, and it is necessary therefore that a full disclosure be not hampered by fear of private suits for defamation. The compulsory attendance of all witnesses in judicial proceedings makes the protection thus accorded the more necessary. The witness is subject to the control of the trial judge in the exercise of the privilege. For abuse of it, he

did allege that defendants acted in concert and now argues it must thus be inferred that they were also guilty of defamation prior to the hearing. We doubt whether that issue was properly raised by the pleadings but nevertheless call attention to Linder v. Foster, 209 Minn. 43, 48, 295 N. W. 299, 301, and Hoppe v. Klapperich, 224 Minn. 224, 234, 28 N. W. (2d) 780, 788, 173 A. L. R. 819, which dispose of this contention. In those cases we held that the immunity rule is not to be "scuttled" by pleadings which allege that the wrongful acts resulted from a conspiracy. To the same effect are Middlesex Concrete Products & Excavating Corp. v. Carteret Industrial Assn. 68 N. J. Super. 85, 92, 172 A. (2d) 22, 25, and Restatement, Torts, § 588, *comment b,* which extend the privilege to communications and reports made by a witness in preparation for trial.

We therefore hold that the conspiracy allegation did not put the issue of immunity beyond the reach of the motion for summary judgment.

Affirmed.

may be subject to criminal prosecution for perjury and to punishment for contempt."

See, also, Annotation, 45 A. L. R. (2d) 1296, 1305; Prosser, Torts (3 ed.) § 109, p. 796; Comment, 5 Villanova L. Rev. 121.