Elbridge S. CHASE, Jr., Plaintiff,

v.

Oscar A. BRECKE, Defendant.

Civ. No. 4–80–29.

United States District Court,
D. Minnesota,
Fourth Division.

March 12, 1981.

Jan Stuurmans, Stuurmans & Kelly, P. A., Minneapolis, Minn., for plaintiff.

James F. Roegge, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, Bankruptcy Judge.

This matter is before the Court on defendant Oscar A. Brecke's motion for summary judgment. Factual disputes do exist, but for purposes of this motion defendant argues that even if all factual issues are resolved in favor of the plaintiff, the plaintiff still has no right to recover as a matter of law. After resolving all factual disputes in favor of the plaintiff, the Court has concluded that summary judgment in favor of the defendant must be granted.

*FACTS*

The defendant is a 90 year old lawyer who performed legal services for Elbridge S. Chase, Sr., and Anne Chase, husband and wife, in 1955. Defendant drafted wills for Mr. and Mrs. Chase, and also drafted consents of each to the other's will. When Mr. Chase died in 1975, Mrs. Chase precipitated a probate court action by renouncing her husband's will and electing to take her statutory share against the will. The central issue in the probate court action was whether Mrs. Chase's consent to her husband's will was legally enforceable. On April 14, 1976, the defendant was deposed and stated that he had not informed Mrs. Chase of her statutory rights at the time the consent was signed in 1955. Soon thereafter Elbridge S. Chase, Jr., who was the only beneficiary of his father's will and who is the plaintiff in the instant action, settled with Mrs. Chase, his stepmother, by paying approximately $727,870 to her.

After the settlement, Elbridge S. Chase, Jr., filed in state court a legal malpractice suit against Brecke, asserting claims of negligence and breach of contract. In connection with the malpractice suit, Brecke was deposed for the second time on October 12, 1978. At the second deposition Brecke stated that he had told Mrs. Chase of her statutory rights at the time the consent was signed in 1955, indicating that the consent should have been valid. Plaintiff then moved for leave to amend his complaint against Brecke to add a claim for fraud and misrepresentation. The basis for this claim was that Brecke had induced plaintiff to enter into an improvident settlement with Mrs. Chase by the statements made in the deposition of April 14, 1976. On January 29, 1979, the state district court granted plaintiff's motion for leave to amend the complaint, and simultaneously granted a motion by defendant for summary judgment on the legal malpractice claim. In order to take an immediate appeal from the order granting summary judgment, plaintiff withdrew the claim based on misrepresentation. On appeal, the Minnesota Supreme Court summarily affirmed the decision of the district court.

The plaintiff has renewed his misrepresentation claim by filing the instant lawsuit in this Court. Federal jurisdiction is predicated on diversity of citizenship. The defendant moved for summary judgment on the basis of res judicata and lack of standing to sue. The motion was denied at the hearing. However, at the same hearing the defendant moved for summary judgment on a different basis. The issue now before the Court is whether a civil action for damages may be based upon alleged false representations made by a witness during the course of a judicial proceeding.

## DISCUSSION

The basis for plaintiff's lawsuit is the tort of fraudulent misrepresentation. Under Minnesota law, the elements of this tort are:

(1) There must be a representation.

(2) That representation must be false.

(3) It must have to do with a past or present fact.

(4) That fact must be material.

(5) It must be susceptible of knowledge.

(6) The representer must know it to be false or, in the alternative, must assert it as of his own knowledge without knowing whether it is true or false.

(7) The representer must intend to have the other person induced to act or justified in acting upon it.

(8) That person must be so induced to act or so justified in acting.

(9) That person's action must be in reliance upon the representation.

(10) That person must suffer damage.

(11) That damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the injury.

*Weise v. Red Owl Stores, Inc.,* 286 Minn. 199, 175 N.W.2d 184, 187 (1970). For purposes of this motion, defendant assumes that the elements of the tort can be established, and argues that nevertheless a witness in a judicial proceeding is immune from civil liability for false statements, whether the statement was made innocently, negligently, or deliberately.

Plaintiff concedes that the great majority of jurisdictions confronting the issue have held that such misrepresentations are privileged. The several cases dealing with the issue are collected at Annot., 54 A.L.R.2d 1298 (1957), and the supplements thereof. *See also* 70 C.J.S. Perjury, § 92 (1951).

In *Jenson v. Olson,* 273 Minn. 390, 141 N.W.2d 488 (1966), and *Matthis v. Kennedy,* 243 Minn. 219, 67 N.W.2d 413 (1954), the Minnesota Supreme Court ruled that no civil action for damages lies against a witness in a previous litigation who made slanderous statements during the course of the litigation. In *Jenson v. Olson,* the Minnesota Supreme Court stated:

The principles governing the privileged character of testimony given in a judicial proceeding have been fully developed in *Matthis v. Kennedy,* 243 Minn. 219, 67 N.W.2d 413, where we recognized an unqualified privilege against liability for slanderous statements, made even maliciously and with knowledge of their falsity, if they are (1) that of a witness, (2) at a judicial or quasi-judicial hearing, and (3) relevant to the subject matter of the litigation. We noted that relevance is a question of law and not of fact, and that all doubts must be resolved in favor of finding the statements pertinent. We believe the testimony set forth in the complaint here comes squarely within the conditions spelled out in the *Matthis* decision and is therefore absolutely privileged.

141 N.W.2d at 490 (footnote omitted). In these cases, the court followed a public policy of protecting witnesses testifying in judicial proceedings from being intimidated by the threat of private suits, choosing to leave punishment for abuses of the privilege to criminal prosecutions for perjury or citations for contempt of court.

Plaintiff relies extensively on *Morgan v. Graham,* 228 F.2d 625 (10th Cir. 1956). *Morgan v. Graham* involved a plaintiff who had secured a judgment against a person named "Godfrey W. Cochran" for injuries

sustained in a car accident. Upon learning that an adjuster for an insurance company had investigated the accident, plaintiff brought an action against the insurance company for satisfaction of the judgment. Plaintiff alleged that the company had a policy on "Godfrey W. Cochran," but in a verified answer the company's president denied the existence of such a policy. Plaintiff took a voluntary nonsuit. The insurance company later became insolvent, and during the insolvency proceedings plaintiff discovered a policy covering "G.W. Cochran." Plaintiff also learned that the company's president knew at the time the verified answer was filed that this policy covered Godfrey W. Cochran. Plaintiff then sued the insurance company president for fraud and deceit. The court held that although as a general rule an unsuccessful litigant may not maintain a civil action against a perjurer, the plaintiff could recover damages because of the false and fraudulent acts and conduct of the insurance company president.

The holding of *Morgan v. Graham* has been narrowly construed by the D.C. Circuit. In *Levy v. Hayard,* 248 F.2d 152 (D.C.Cir.1957), *cert. denied,* 356 U.S. 941, 78 S.Ct. 783, 2 L.Ed.2d 815 (1958), the court distinguished *Morgan* by stating that it "involved fraudulent conduct beyond the giving of false testimony." *Id.* at 153. *See* Annot. 54 A.L.R.2d at 1318 (distinguishing *Morgan v. Graham* from the majority rule as involving "a deliberate wrong in the nature of fraud or general conspiracy").

Based on the foregoing, it is the view of this Court that if this case were presented to the Minnesota Supreme Court for decision, that court would follow the majority rule and hold that the statements in question in this case are privileged. Accordingly, no civil action for damages may be maintained.

IT IS ORDERED that the defendant's motion for summary judgment be, and hereby is, granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.