In re Dona J. SMITH and John H. Smith, Debtors.

In re EXPRESS FRUIT AND PRODUCE CARRIERS, INC., Debtor.

TRANSPORT RESOURCES and Transport Equipment, partnerships, Plaintiffs,

v.

Dona J. SMITH and John H. Smith and Express Fruit and Produce Carriers, Inc., Defendants.

Gerald R. FREEMAN, Plaintiff,

v.

Dona J. SMITH and John H. Smith, Defendants.

Bankruptcy Nos. 3–81–00226, 3–80–01935. Adv. Nos. 81–0307, 81–0285.

United States Bankruptcy Court, D. Minnesota, Third Division.

Feb. 24, 1982.

Robert L. Bach of Felhaber, Larson, Fenlon & Vogt, St. Paul, Minn., for plaintiffs, Transport Resources Transport Equipment (Transport).

Gerald R. Freeman of Freeman, Gill, Anderson, Egan & Keating, Minneapolis, Minn., pro se.

Wayne Pokorny of Pokorny & Erickson, Minnetonka, Minn., for defendants Dona J. Smith and John H. Smith.

## ORDER FOR DISMISSAL OF COUNTERCLAIMS

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for hearing on December 7, 1981 before the Honorable Jacob Dim, Bankruptcy Judge, on the motions of the plaintiffs, Transport Resources, Transport Equipment, and Gerald R. Freeman to dismiss the counterclaims of the defendants, John H. Smith and Dona J. Smith. The two adversary proceedings were ordered consolidated by a pretrial order dated December 15, 1981.

John H. Smith counterclaimed against Transport for $1,000,000.00. Both defendants counterclaimed against Gerald R. Freeman for $10,000,000.00. All three counterclaims are for libel allegedly contained in the statements made by the plaintiffs in their complaints against the defendants.

The complaints allege that the defendants by their acts incurred debts which are nondischargeable under 11 U.S.C. § 523(a)(2)(A) for obtaining money or property by false pretenses, a false representation, or actual fraud; 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity embezzlement, or larceny; and, 11 U.S.C. § 523(a)(6) for willful and malicious injury to property of another entity.

All the allegations in the complaints relate to the defendant's alleged actions which are the subject matter of the complaints. None of the allegations in the complaints are extraneous or unrelated. Nor are any allegations inflammatory in tone, although they allege acts by the defendants' involving moral turpitude.

The motion to dismiss presents the legal question of whether the counterclaim raises a claim for which relief can be granted. The plaintiffs assert that, regardless of the truth or falsity of the allegations, they are absolutely privileged.

■ There can be no question that statements made in the course of judicial proceedings, including pleadings, are privileged. *Matthis v. Kennedy*, 243 Minn. 219, 67 N.W.2d 413 (1954). The intent of the speaker is immaterial to the existence of the privilege. The only question is whether the allegations are totally and indisputably unrelated to the subject of the action. *Jenson v. Olson*, 273 Minn. 390, 141 N.W.2d 488 (1966).

■ The allegations in the instant case are not only relevant and pertinent, they are the indispensable basis of the action. Whether or not true, these statements must be privileged from any claim for libel or slander. Without such privilege, access to the legal system would be chilled by the threat of potential liability. Such a chilling

822

influence runs counter to basic Constitutional rights guaranteeing all individuals the right to seek legal redress.

The defendants argue that the plaintiff, Gerald R. Freeman, cannot claim the privilege because he is an attorney. The right to claim this privilege does not depend on the identity, occupation, or legal knowledge of the individual, but arises from the basic structure of the legal system. Every individual must have the right to unfettered expression of alleged grievances not subject to claims of libel. As long as the statements seek such legal redress, they are privileged.

The counterclaims by the defendants are without any legal basis and must be dismissed with prejudice. They fail to state a claim for which relief can be granted.

ACCORDINGLY, IT IS ORDERED that the counterclaims of the defendants, Dona J. Smith and John H. Smith, against the plaintiff, Gerald R. Freeman, for $10,000,-000.00 and the counterclaim of John H. Smith against the plaintiffs, Transport Resources and Transport Equipment, are hereby dismissed with prejudice.