**Jay JEFFERS, Plaintiff,**

v.

**CONVOY COMPANY, an Oregon corporation, C. Dennis McCorkle, individually, and Edward Vaughn, individually, Defendants.**

Civ. No. 4–85–1574.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 20, 1986.

---

Cousineau, McGuire, Shaughnessy · & Anderson, Stephen W. Shaughnessy and Susan D. Thurmer, and Nichols & Kaster,

James H. Kaster, Minneapolis, Minn., for plaintiff.

Oppenheimer Wolff Foster Shepard & Donnelly, Robert E. Cattanach and Carol A. Ellingson, St. Paul, Minn., for defendants.

## MEMORANDUM OPINION
## AND ORDER

DIANA E. MURPHY, District Judge.

Before the court is an appeal by Convoy Company, C. Dennis McCorkle, and Edward Vaughn from an order issued July 9, 1986 by a United States Magistrate granting plaintiff's motion for leave to file an amended complaint. Defendants claim that the Magistrate erred in granting the motion because it was untimely and the amended claims are futile. Plaintiff asserts that defendants were not prejudiced by the amendment and that his claims are viable. The parties have submitted several memoranda on these issues.

28 U.S.C. § 636 governs the powers of a magistrate and the standard of review to be applied by the district court upon appeal of a magistrate's actions. Section 636(b)(1)(A) and Local Rule 14(B)(a) allow a magistrate to determine pretrial motions or matters (with the exception of certain dispositive motions). District court review is to consider whether "the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed.R.Civ.P. 72(a).

This court is thoroughly familiar with this case, having considered extensive briefing prior to ruling on defendant's motion for summary judgment. *See* Memorandum Opinion and Order of June 3, 1986. The Magistrate did not have the benefit of this background.

Careful consideration of the record and the parties' arguments leads to the conclusion that the Magistrate's order should be affirmed in part and reversed in part. Although Fed.R.Civ.P. 15 provides that leave to amend "shall be freely given when justice so requires," the discovery period set

for this case is already past (August 1, 1986) and amendment need not be granted where it would be futile. *See, e.g., Holloway v. Dobbs*, 715 F.2d 390, 393 (8th Cir. 1983). Leave to amend may be denied if the amended pleading could be defeated by a motion for summary judgment or dismissal. *Id.; Collyard v. Washington Capitals*, 477 F.Supp. 1247, 1249 (D.Minn.1979).

The Magistrate erred in allowing plaintiff essentially to restate his original defamation claim against individual defendants Vaughn and McCorkle. This court has already ruled as a matter of law that those defendants were entitled to summary judgment on the defamation claims.[1] *See* Memorandum Opinion and Order dated June 3, 1986. Accordingly, leave to amend count one to include allegations against defendants C. Dennis McCorkle and Edward Vaughn should be denied.

■ Additionally, there is an absolute privilege under Minnesota law for defamatory statements made in the course of quasi-judicial proceedings. *Matthis v. Kennedy*, 243 Minn. 219, 67 N.W.2d 413, 417 (1954). Plaintiff contends that an unemployment compensation hearing should not be considered quasi-judicial without clear precedent to that effect. Such a hearing shares the attributes of a quasi-judicial proceeding as set forth in *Jenson v. Olson*, 273 Minn. 390, 141 N.W.2d 488 (1966). *See also Freir v. Independent School District No. 197*, 356 N.W.2d 724 (Minn.App.1984). Specifically, the Department of Economic Security is required by law to notify employers of a claim for benefits and of its determination of the claim. Moreover, it must provide both the employer and the employee an opportunity to be heard in a proceeding before a referee or appeal tribunal. *See Minn.Stat.* § 268.10 (1984). Subdivision 3 of Section 268.10 expressly states, "The hearings shall be a trial de novo, and, upon the evidence presented, the referee shall af-

firm, modify, or set aside the initial determination." The referee's decision is appealable to the commissioner and the commissioner's decision is reviewable by the Minnesota Court of Appeals. *Id.* at subd. 8.

Further, the Department is empowered to issue subpoenas to compel the attendance of witnesses or the production of any books, papers, correspondence, memoranda, or other records deemed necessary as evidence in connection with a disputed claim. *Minn.Stat.* § 268.12, subd. 9 (1984); Minn.Rules 3310.4900 (1985). The parties may present such evidence as may be relevant and may examine witnesses. Minn. Rules 3310.2900 (1985). All testimony taken at the hearing is under oath or affirmation and is recorded. *Id.* Additionally, any party has a right to be represented at the hearing by an agent or attorney. *Minn. Stat.* § 268.10, subd. 9 (1984). Following the hearing, the Department's findings of fact and decision are required to be made in writing. *Minn.Stat.* § 268.12 (1984). These are all attributes of a quasi-judicial proceeding as described by the Minnesota Supreme Court in *Jenson*, and an absolute privilege should apply to statements made during the course of the hearing. Plaintiff should therefore be denied leave to amend his complaint to assert any defamation allegations made at the unemployment compensation hearing.

■ Plaintiff contends that certain statements published outside the bounds of the unemployment hearing are neither absolutely nor conditionally privileged. He has submitted an affidavit documenting a telephone conversation between Larry Hellie, Manager of Convoy's Service Division, to Julie Toskey, Unemployment Compensation Representative for the State of Minnesota, where Hellie allegedly defamed plaintiff. Plaintiff asserts that the false statement was then republished to James Gibson, a private polygrapher. Convoy has not

---

1. The affidavits filed in support of that motion refute plaintiff's amended allegation that the individual defendants made defamatory statements at plaintiff's unemployment compensation hearing. Plaintiff did not respond to those affidavits or raise genuine issues of material fact as required by Fed.R.Civ.P. 56(e).

shown that it would be entitled to dismissal or summary judgment upon this claim, and the Magistrate was correct in allowing plaintiff to amend this aspect of the defamation claim.

■ The Magistrate also erred in permitting plaintiff to add a negligence *per se* claim to his complaint. Plaintiff argues that defendant's violation of *Minn.Stat.* § 181.76 is negligence *per se* because as an employee, he is within the intended protection of the statute. He also argues that he suffered harm of the type the legislation was intended to prevent. This court has already concluded that the Minnesota legislature did not intend to provide a private right of action for damages resulting from violations of this criminal statute. *See* Memorandum Opinion and Order dated June 3, 1986. Plaintiff's attempt to avoid this ruling by recasting his claim as one in negligence cannot succeed because Minnesota law does not adopt as a standard of conduct for negligence purposes the duties defined in *Minn.Stat.* § 181.76.[2]

Section 181.76 prohibits one from disclosing that another has taken a polygraph test or the results of the test. Nothing in Minnesota common law precludes such conduct in the absence of the statute. The law does not prohibit persons from truthfully disclosing what another person has done. By enacting § 181.76, the legislature did not create a new common law duty for negligence purposes. Plaintiff cannot identify what common law duty a violation of § 181.76 would breach. *See* Prosser, *Contributory Negligence as Defense to Violation of Statute*, 32 Minn.L.Rev. 105, 109 (1948) ("the violation of a statute is not always to be classified as negligence").

Moreover, the authorities which have found that a violation of a statute is negligence *per se* are distinguishable. In most of these cases, the plaintiffs sued for personal or property damages alleging that the defendants violated certain safety-related statutes. As Professor Prosser states, " '[S]afety' statutes are assumed as a matter of course to give rise to negligence claims." *Id.* at 110. Section 181.76, on the other hand, is not a safety-related statute, and plaintiff cannot identify any common law duty that establishes as a standard of conduct the duties defined by the statute. For these reasons, plaintiff's amended negligence *per se* count fails to state a claim, and the Magistrate's order permitting amendment of that count is clearly erroneous.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. The Magistrate's Order of July 9, 1986 is reversed in so far as it allowed plaintiff to assert amended defamation claims against individual defendants C. Dennis McCorkle and Edward Vaughn, amended defamation claims arising from an unemployment compensation hearing, and an amended negligence *per se* count. These parts of the amended complaint are dismissed.

2. In all other respects, the July 9, 1986 Order is affirmed.

**2.** Plaintiff's reliance on *Hofbauer v. Northwestern National Bank,* 700 F.2d 1197 (8th Cir.1983), is misplaced. In *Hofbauer,* the Court of Appeals was not dealing with a state criminal statute without a private right of action. Rather, the court was addressing the question of whether a federal statute which does not provide a private right of action might nevertheless give rise to an action in negligence under the common law of a state. Even assuming the analysis of *Hofbauer* applies when a state statute is in question, this court must analyze whether Minnesota common law adopts as a standard of conduct the duties defined in *Minn.Stat.* § 181.76. *See* 700 F.2d at 1201.