Patrick McGOVERN, Appellant,

v.

CARGILL, INCORPORATED, Respondent.

No. C4–90–1315.

Court of Appeals of Minnesota.

Dec. 4, 1990.

Terence P. Durkin, Severson, Wilcox & Sheldon, P.A., Apple Valley, for appellant.

John D. Levine, David J. Lauth, Dorsey & Whitney, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., FOLEY and SCHUMACHER, JJ.

## OPINION

CRIPPEN, Judge.

This appeal is from a summary judgment dismissing appellant's defamation complaint. We affirm.

## FACTS

Appellant Patrick McGovern alleges that in 1979 or 1980 the respondent, Cargill, Inc., placed defamatory material about him in its files.[1] McGovern further alleges that in September 1988 Cargill voluntarily released this material on threat of subpoena to be used to impeach appellant's testimony in a pending criminal trial. Appellant claims both this release and the original

publication within Cargill are actionable. The trial court rejected these claims and granted summary judgment for Cargill. Critical to this appeal, the court concluded the 1988 release of material was privileged.

## ISSUE

Is an allegedly defamatory disclosure by a potential impeachment witness to counsel in a pending trial absolutely privileged?

## ANALYSIS

On review of a summary judgment, this court must determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

Statements made in judicial proceedings are absolutely privileged and therefore not actionable in defamation. *Matthis v. Kennedy*, 243 Minn. 219, 224, 67 N.W.2d 413, 417 (1954). In *Matthis*, the court described when the privilege attaches:

The recognized class of occasions where the publication of defamatory matter is absolutely privileged is confined within narrow limits. * * * Any publication made, whether oral or in writing, must be made 'in office' in the character of judge, juror, witness, litigant, or counsel.

*Id.* at 223, 67 N.W.2d at 417.

A communication is made in office and therefore is privileged if it is (1) published in the due course of a judicial proceeding and (2) relevant to that proceeding. *See id.* at 224–26, 67 N.W.2d at 417–18. Appellant does not contest that the documents Cargill released were relevant to a pending trial. The only issue, then, is whether these documents were released in the course of a judicial proceeding.

Communications and reports made by a witness in preparation for trial are absolutely privileged. *See Jenson v. Olson*, 273 Minn. 390, 394, 141 N.W.2d 488, 491 (1966) (citing Restatement (Second) of

---

1. McGovern alleges that Cargill compiled reports falsely accusing him of rigging bids, ac-

cepting personal favors from bidders, stealing and misusing corporate assets.

**558**

Torts § 588 (1965)). This Restatement section provides:

A witness is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding.

Restatement (Second) of Torts § 588 (1977).

 This rule on the scope of privilege coincides with authority in other states. *E.g., Kalish v. Illinois Educ. Ass'n,* 157 Ill.App.3d 969, 978–79, 110 Ill.Dec. 72, 79, 510 N.E.2d 1103, 1110 (holding absolutely privileged voluntary written statements to state bar character and fitness committee about candidate for bar), *rev. denied,* 116 Ill.2d 559, 113 Ill.Dec. 300, 515 N.E.2d 109 (1987); *Middlesex Concrete Products v. Carteret Indus. Ass'n,* 68 N.J.Super. 85, 91–92, 172 A.2d 22, 25 (App.Div.1961) (holding absolutely privileged pretrial investigative report from expert to counsel).

Appellant argues that because Cargill was not actually subpoenaed, the privilege should not attach. This contention is not supported in judicial decisions on the privilege. *E.g., Kalish,* 157 Ill.App.3d at 978, 110 Ill.Dec. at 79, 510 N.E.2d at 1110. Moreover, there is no question that either party to the criminal trial in which appellant was a witness could have subpoenaed a Cargill representative to testify and to produce the documents at trial. *See* Fed.R. Crim.P. 17.

Appellant also contends that the original publication within Cargill in 1979 or 1980 remains actionable. This claim is barred by the applicable two year statute of limitations. Minn.Stat. § 541.07 (1978). Appellant first argues that the cause of action didn't arise until he became aware of the statements in 1988. In Minnesota, however, the statute of limitations for defamation begins to run on publication, not on discovery. *Wild v. Rarig,* 302 Minn. 419, 449 & n. 21, 234 N.W.2d 775, 794 & n. 21 (1975) (per curiam), *appeal dismissed,* 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976). · Finally, appellant argues that the statute of limitations was tolled in 1979 or

1980 because Cargill fraudulently concealed the allegedly defamatory material until 1988. Appellant has not alleged any facts constituting fraudulent concealment. *See McGaa v. Glumack,* 441 N.W.2d 823, 825 (Minn.App.1989) (requiring plaintiff to plead specific act of fraud), *pet. for rev. denied* (Minn. Aug. 15, 1989).

## DECISION

The trial court correctly dismissed plaintiff's defamation complaint on the basis of the applicable statute of limitations and the privilege in judicial proceedings.

Affirmed.